UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CLARK FLOYD LANDFILL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:18-cv-00004-RLY-DML |
| | ) | |
| COUNTY OF CLARK, INDIANA; | ) | |
| COUNTY OF FLOYD, INDIANA; | ) | |
| BOARD OF COMMISSIONERS FOR | ) | |
| FLOYD COUNTY, INDIANA, in their | ) | |
| official capacities; and | ) | |
| BOARD OF COMMISSIONERS OF CLARK | ) | |
| COUNTY, INDIANA, in their official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| BOARD OF COMMISSIONERS FOR | ) | |
| FLOYD COUNTY, INDIANA, in their | ) | |
| official capacities; | ) | |
| COUNTY OF FLOYD, INDIANA; | ) | |
| COUNTY OF CLARK, INDIANA; and | ) | |
| BOARD OF COMMISSIONERS OF CLARK | ) | |
| COUNTY, INDIANA, in their official | ) | |
| capacities, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLARK FLOYD LANDFILL, LLC, | ) | |
| | ) | |
| Counter Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO DISMISS**

Co-Defendants, Clark County and Floyd County, have owned the Clark County Landfill since 1971. In December 2003, the Board of Commissioners for Clark County and Floyd County entered into a Franchise and License Agreement[1] ("Contract") with Plaintiff, Clark Floyd Landfill, LLC ("CFL"), to operate and maintain the Landfill. Regulatory, environmental, and financial problems arose when Clark County realized the Landfill needed to expand to remain viable. In short, after it was learned that horizontal expansion of the Landfill would require wetlands mitigation, County engineers filed an application with the Indiana Department of Environmental Management ("IDEM") for vertical expansion of the Landfill. CFL alleges it has performed work on Phase I and Phase II of the expansion, but the Defendants have not held up their end of the bargain. CFL alleges, among other things, that it is unable to properly operate the Landfill and that its operating permit is now in jeopardy. In its Complaint, CFL seeks declaratory relief and damages for breach of contract and unjust enrichment.

Defendants filed an Answer and Counterclaim. They allege one of CFL's responsibilities was to charge haulers and others who use the Landfill and to remit payment to the Defendants based on certain metrics of usage. However, they allege CFL, which owns other waste hauling companies, was less than forthright in their accounting to the Defendants. Their counterclaim consists of four counts: fraud, breach of contract, unjust enrichment, and constructive fraud.

---

[1] The Franchise and License Agreement includes and incorporates the following three amendments: Supplemental Agreement No. 1, dated December 12, 2006; Supplemental Agreement No. 2, dated July 21, 2011; and Supplemental Agreement No. 3, dated January 1, 2013.

CFL now moves to dismiss Counts I (fraud), III (unjust enrichment), and IV (constructive fraud) of Defendants' Counterclaim pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure because the subject matter of the claims is governed by the parties' Contract and Plaintiff's fraud claims are not pled with particularity.

I.  Discussion

   A.  Subject Matter of the Claims

A plaintiff may not bring both a fraud claim and a breach of contract claim unless "(1) the breaching party committed the separate and independent tort of fraud; and (2) the fraud resulted in injury distinct from the resulting breach." *Sheaff Brock Inv. Advisors, LLC v. Morton*, 7 N.E.3d 278, 288 (Ind. Ct. App. 2014). Unjust enrichment is an equitable doctrine "which permits recovery where the circumstances are such that under the law of natural and immutable justice there should be recovery as though there has been a promise." *Eagle Aircraft, Inc. v. Trojnar*, 963 N.E.2d 648, 660 (Ind. Ct. App. 2013) (internal quotation marks and citations omitted). Where a contract provides a remedy at law, a plaintiff may not pursue an equitable claim for unjust enrichment. *Id.*

Pursuant to the parties' Contract, CFL was required to pay Defendants an annual "Host Fee" which is "determined by the annual income (in dollars) resulting from the tonnage delivered to the Landfill and accepted for disposal" multiplied by certain percentages depending on the year. (Filing No. 1-2, Supplemental Agreement No. 1, Section IIA; Filing No. 1-4, Supplemental Agreement No. 3, Section IIA, entitled "Host Fee."). Defendants allege CFL has refused "to provide the [Defendants] with data on the usage of the Landfill to corroborate the accuracy of its payments, and to allow the

3

[Defendants] to confirm the accuracy of its payments." (Counterclaim ¶ 2). In addition, they allege CFL (i) has refused to provide quarterly tonnage reports despite its contractual obligation to do so; (ii) has refused to provide the basis on which its fees are calculated; (iii) charges its related waste hauling companies a subsidized rate; and (iv) allows trucks from its related companies to bypass the gate scale of the Landfill or otherwise evade making payments for use of the Landfill. (*Id.* ¶¶ 3-6).

The allegations set forth in Counts I, III, and IV each consist of two paragraphs. The first provides that Defendants incorporate the prior allegations of the Counterclaim, set forth above. (Counterclaim I, ¶ 6; Counterclaim III, ¶ 14; Counterclaim IV, ¶ 16). The second paragraph of each count alleges that CFL is charging a "subsidized rates" and thus allegedly not paying the Defendants that which they believe they are entitled to:

> Plaintiff's conduct in secretly subsidizing its private related businesses at the expense of the Counties and their taxpayers collectively amounts to a scheme to defraud the Counties and their taxpayers.

(Counterclaim I, ¶ 7).

> Plaintiff's conduct in unlawfully subsidizing its other businesses at the expense of the Counties and their taxpayers constitutes unjust enrichment of the Plaintiff.

(Counterclaim III, ¶ 14).

> Plaintiff's conduct in unlawfully subsidizing its other businesses at the expense of the Counties and their taxpayers constitutes constructive fraud.

(Counterclaim IV, ¶ 16).

The court finds the allegations which comprise Counts I, III, and IV derive from the parties' Contract. Indeed, the allegations are substantively the same as Defendants'

4

breach of contract claim[2] in which Defendants allege that CFL "improperly manipulate[d] and reduc[ed] the amounts paid to the [Defendants]" by "giving undisclosed preferential pricing to its affiliates." (Counterclaim II, ¶ 9). Accordingly, Counts I, III, and IV must be dismissed.

### B. Fraud Claims

A party asserting a fraud claim must plead it with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). This means the party asserting fraud must allege the "who, what, when, where, and how" of the alleged fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Here, however, Defendants fail to allege the elements of both fraud and constructive fraud.

To prevail on a fraud claim based on an affirmative misrepresentation, a plaintiff must establish that there was: (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused injury or damage. *Lawyers Title*

---

[2] Count II of the Defendants' Counterclaim for breach of contract provides:
    Commencing in at least 2016, [CFL] has breached its Agreement with the [Defendants] in a number of ways. By way of example and not limitation:
    a.    [CFL] has given itself bad faith, undisclosed and improper subsidies by giving undisclosed preferential pricing to its affiliates, thus improperly manipulating and reducing the amounts paid to the [Defendants].
(Counterclaim II, ¶ 9a.).

*Ins. Corp. v. Pokraka,* 595 N.E.2d 244, 249 (Ind. 1992); *Angel v. Powelson,* 977 N.E.2d 434, 444–445 (Ind. Ct. App. 2012).

Defendants allege CFL failed to provide quarterly tonnage reports and the basis upon which those payments to the Defendants were calculated, but they have failed to explain why these purported failures are misrepresentations or were made with knowledge of falsity or disregard thereof. Moreover, they have failed to allege they justifiably and detrimentally relied upon CFL's actions. Accordingly, they have failed to plausibly allege a claim for fraud.

To prevail on a constructive fraud claim, a plaintiff must establish that there was "(1) a duty by virtue of the existing relationship between the parties; (2) representations or omissions made in violation of that duty; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate result thereof; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party." *McKibben v. Hughes*, 23 N.E.3d 819, 826 (Ind. Ct. App. 2014). The plaintiff has the burden of proving both the existence of a duty owed to it stemming from their relationship and the gaining of an unconscionable advantage by the defendant at the expense of the plaintiff. *Heaton & Eadie Prof. Servs. Corp. v. Corneal Consultants of Indiana, P.C.*, 841 N.E.2d 1181, 1189 (Ind. Ct. App. 2006).

Again, Defendants allege that CFL omitted to send them quarterly reports, but they fail to show how this violated a duty or how they relied upon the representations or omissions. Accordingly, they have failed to plausibly allege a claim for constructive fraud.

6

## II. Conclusion

For the reasons explained above, CFL's motion to dismiss Counts I, III, and IV of Defendants' Counterclaim (Filing No. 44) is **GRANTED**.

**SO ORDERED** this 20th day of March 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.