UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CLARK FLOYD LANDFILL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00004-KMB-RLY |
| | ) | |
| COUNTY OF CLARK, INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO EXCLUDE OR LIMIT TESTIMONY OF MICHAEL HARRIS AS AN EXPERT WITNESS**

This case arises out of a dispute between Plaintiff Clark Floyd Landfill, LLC ("CFL"), and Defendants Clark Floyd Landfill, LLC, County of Clark, Indiana, County of Floyd, Indiana, and the Boards of Commissioners for Floyd and Clark Counties (collectively, the "Counties") concerning the operation, management, and regulatory compliance of the Clark-Floyd Landfill (the "Landfill"). This case is set for a ten-day jury trial to begin on September 14, 2026.

In the pending motion at issue in this Order, CFL asks the Court to limit or exclude the testimony of Michael Harris as an expert witness in this case, claiming that the Counties failed to comply with Federal Rule of Civil Procedure 26(a)(2) when disclosing him as a non-retained expert witness. [Dkts. 456; 457.] CFL does not object to the Counties calling Mr. Harris as a fact witness at trial, acknowledging that Mr. Harris can testify about matters on which he has personal knowledge. [Dkt. 457 at 1, n.1.] The Counties oppose CFL's motion, [dkt. 477], and CFL filed a reply in support of its requests, [dkt. 479]. For the reasons set forth herein, the Court agrees with CFL that the Counties failed to comply with Rule 26(a)(2) when disclosing Mr. Harris as a non-retained expert witness and that the failure was not substantially justified or harmless. Thus, the

1

Court grants CFL's request to not allow Mr. Harris to testify as an expert witness at trial.  Mr. Harris still may testify as a fact witness at trial if called.

## I.    APPLICABLE LAW

A party must disclose the identity of any expert witness it intends to use at trial.  Fed. R. Civ. P. 26(a)(2)(A).  Federal Rule of Civil Procedure 26(a)(2) governs the disclosure requirements.  Under that rule, the disclosure must include a full written report "if the witness is one retained or specially employed to provide expert testimony in the case . . . ."  Fed. R. Civ. P. 26(a)(2)(B).  Rule 26(a)(2)(C) was added to the Federal Rules of Civil Procedure in 2010 and provides that while a party need not disclose an expert report for a non-retained expert, the disclosing party still must provide a disclosure that "must state: (i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify."  While the disclosure related to a non-retained expert is considerably less extensive than the report required for a retained expert, a summary disclosure for non-retained experts "'must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions.'"  *Salesman v. Yellow Ambulance Servs.*, 2020 U.S. 2020 WL 224597, at *3 (S.D. Ind. Jan. 15, 2020) (internal quotation omitted); Fed. R. Civ. P. 26(a)(2)(C).

Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation.  *Malibu Media, LLC v. Harrison,* 2014 WL 6474065, at *2 (S.D. Ind. July 28, 2016) (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)).  Most often, non-retained experts come up in the contexts of treating physicians.  For example, "a 'treating physician' is a Rule 26(a)(2)(C) witness because [the physician] is a 'percipient witness' who has firsthand knowledge of the events giving rise to the litigation; on the other hand, a physician

recruited for the purpose of giving testimony—rather than treatment—is a Rule 26(a)(2)(B) witness because he has no such firsthand involvement in the events giving rise to the litigation.'" *Malibu Media*, 2014 WL 6474065, at * 2 (citing *Downey*, 633 F.3d at 6).

Although much of the caselaw in this context focuses on non-retained experts who are treating physicians, Rule 26 applies to all experts. *Williams v. Boley*, 2023 WL 4564423 at *2 (S.D. Ind. July 17, 2023) ("The language of Rule 26 applies to all experts, not just physicians, and the change to Rule 26 ensures that even experts not 'retained for the purposes of litigation' must still disclose a summary of the facts and opinions at the heart of their testimony.").  Indeed, the summary disclosure for a non-retained expert still must contain more than just a "passing reference" to the things the expert observed.  *Salesman*, 2020 U.S. 2020 WL 224597, at *3 ("The summary disclosure for a non-retained expert must contain more than a passing reference to the care a treating physician provided, in order to guard against the prejudice of unfair surprise on opposing parties.").

"Failure to comply with the disclosure requirements of Rule 26(a) results in automatic and mandatory exclusion of the proffered witness 'unless the failure was substantially justified or harmless.'" *Novak v. Bd. of Trs. of S. Ill. Univ.*, 777 F.3d 966, 972 (7th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)).  The Seventh Circuit Court of Appeals has identified four factors that "guide the district court's discretion" in evaluating whether the failure was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011).  Courts exercise broad discretion in this analysis.  *See Johnson v. C.R. Bard, Inc.*, 77 F.4th 641, 646 (7th Cir. 2023).

## II.    ANALYSIS

### A. Whether the Counties properly disclosed Mr. Harris as a non-retained expert witness

The Court first must address the threshold issue of whether the Counties' disclosure of Mr. Harris as a non-retained expert complied with Rule 26(a)(2)(C).  Expert disclosures in this case were due October 10, 2025.  [Dkt. 420.]  On that date, the Counties disclosed Mr. Harris as an expert witness, asserted that no written report was required under Rule 26(a)(2)(C), and provided the following disclosure:

> The Counties also disclose, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) the following expert witnesses who do not provide a written report: Prime AE, Michael Harris, 1829 E. Spring Street, Suite 201, New Albany, IN 47150.
>
> Mr. Harris is expected to testify as to facts and opinions regarding the gas collection and control system and the Landfill (including CFL's operation and maintenance of same), odor issues at the Landfill, the leachate collection and control system (including CFL's operations and maintenance of same), the relationship between the parties and Hoosier Energy, wetlands (including mitigation), tonnage, Landfill finances as it relates to projects, reporting, and regulatory compliance, and the barrier wall.

[Dkt. 456-1 at 3-4.]

CFL argues that the Counties' disclosure of Mr. Harris is facially deficient under Rule 26(a)(2)(C)(ii) because it identifies only general subject areas and does not provide any "summary of the facts and opinions to which the witness is expected to testify."  [Dkt. 457 at 4 (citing Fed. R. Civ. P. 26(a)(2)(C)).]  According to CFL, this leaves it without proper notice of the substance of Mr. Harris's expert testimony.  [*Id.* at 4-5.]  To highlight how this disclosure presents notice issues, CFL points to the part of the disclosure that states that Mr. Harris will testify regarding "odor issues at the Landfill," which CFL asserts is deficient because the Counties fail to specify what Mr. Harris's actual opinion is on any odor issues at the Landfill.  [*Id.* at 4.]

4

CFL analogizes the Counties' disclosure of Mr. Harris to the deficient disclosures of a party in *Lauderdale v. Russell*, 2019 WL 7183784, at *3 (S.D. Ind. Dec. 26, 2019), where the court excluded expert testimony because the disclosures failed to summarize the witness's facts and opinions. [Dkt. 457 at 5 (citing *Lauderdale*, 2019 WL 7183784, at *3).] CFL asserts that, as in *Lauderdale*, this case is approaching trial and the same remedy utilized in that case is appropriate here, namely, precluding Mr. Harris from testifying as an expert witness at trial while still allowing him to testify as a fact witness. [Dkt. 457 at 6.] CFL further argues that the Counties' deficient disclosure deprived it of a meaningful opportunity to depose Mr. Harris as an expert. [*Id.* at 5.]

The Counties oppose CFL's motion. [Dkt. 477.] Before addressing whether they properly disclosed Mr. Harris as a non-retained expert, the Counties assert that CFL did not follow the proper procedure to try to exclude Mr. Harris as an expert witness. [Dkt. 477 at 1-11.] The Counties argue that CFL's pending motion is akin to a discovery dispute seeking sanctions. [*Id.* at 1 (citing *Anderson v. Procter & Gamble*, No. 1:19- cv-04531-JRS-DLP, 2021 WL 1061197, at *4 (S.D. Ind. Mar. 19, 2021)).] They argue that CFL failed to comply with the Court's Order Regarding Discovery Disputes, [dkt. 320], and this District's Local Rule 37-1, which require Parties to meet and confer and ask the Court for a discovery conference before filing such a motion. [Dkt. 477 at 1-2.] Without conceding any deficiency in their disclosures, the Counties argue that CFL should have promptly raised any concerns about the disclosure of Mr. Harris directly with the Counties so that the Counties could have supplemented the disclosures and CFL could have deposed Mr. Harris as an expert witness before the discovery cut off. [*Id.* at 10.] The Counties distinguish this case from *Lauderdale*, noting that there, the objecting party requested supplementation and the plaintiff refused, but here CFL did not request that the Counties supplement Mr. Harris's disclosure. [*Id.* at 9.]

Responding to the merits of CFL's argument, the Counties contend that their disclosure of Mr. Harris satisfies Rule 26(a)(2)(C) because they identified the subject matter of his testimony and, considering his extensive prior involvement and deposition history in this case, that sufficiently apprised CFL of Mr. Harris's expected opinions. [Dkt. 477 at 4-7.] The Counties also argue that even though they were not required to submit a report outlining Mr. Harris's expert opinions, the Counties still submitted an email from Mr. Harris that states the facts he looked at. [*Id.* at 7; dkt. 456-1.] The Counties concede that much of Mr. Harris's testimony will be fact testimony, but given his knowledge of the Landfill and his engineering background, it is also proper for his testimony to be expert in nature. [Dkt. 477. at 3.] Finally, the Counties cite a case from the District of Idaho that upheld expert disclosures despite allegedly insufficient summaries, emphasizing that the experts were "well-known to both sides." *W. Watersheds Project v. Dyer*, No. cv-02-521-S-BLW, 2009 WL 484438, at *31 (D. Idaho Feb. 26, 2009). The Counties contend the same is true here, since CFL has long been familiar with Mr. Harris and his opinions through prior dealings and depositions. [Dkt. 477 at 7.]

CFL maintains its position in reply that the Counties' disclosure of Mr. Harris fails to comply with Rule 26. [Dkt. 479 at 2.] CFL emphasizes that the Counties' reliance on Mr. Harris's prior deposition testimony in their response brief proves that the Counties were aware of the specific opinions Mr. Harris would offer but chose to disclose only broad subject areas. [*Id.* at 2-3.] According to CFL, such generalized disclosure would allow the Counties to offer expert opinions about those topics without providing CFL with proper notice. [*Id.*] CFL contends that a meet-and-confer would have been futile, since the Counties continue to maintain that their disclosure was sufficient and still have not offered to supplement it or limit Mr. Harris's testimony in any meaningful way. [*Id.* at 3.] Relying on *Anderson*, CFL argues that the absence of a meet-

and-confer does not excuse noncompliance with Rule 26 and urges the Court to address the merits of the Parties' arguments. [*Id.* at 3-4.] CFL contends that the Court should either order supplementation, as in *Anderson*, or grant CFL's request to exclude Mr. Harris's expert testimony at trial. CFL distinguishes this case from *Western Watersheds Project* by emphasizing that the party at issue in that case failed to provide sufficient summaries of the alleged expert's opinions, whereas here, the Counties failed to provide any summaries at all. [*Id.* at 7 (citing *W. Watersheds Project*, 2009 WL 484438 at *31).]

Federal Rule of Civil Procedure 26(a)(2) sets forth the standards that apply to disclosure of expert testimony. If a witness is one retained or specifically employed to provide expert testimony in the case, an expert report must be disclosed under Rule 26(a)(2)(A). That is not the situation here, since there is no contention that Mr. Harris was retained or specifically employed by the Counties to provide expert testimony in this case. Rather, according to the Counties, Mr. Harris is "the engineer who actually designed the gas collection system at issue . . . and spent the better part of the last two decades working closely with CFL on it and many other things . . . ." [Dkt. 477 at 2.] Thus, the Counties disclosed Mr. Harris as a non-retained expert under Rule 26(a)(2)(C). Although a non-retained expert need not provide a written report, Rule 26(a)(2)(C) requires that a party's disclosure "must state (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 203, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." The purpose of this requirement is to prevent unfair surprise and to allow the opposing party a meaningful opportunity to prepare for cross-examination and rebuttal. *See Salesman*, 2020 U.S. Dist. LEXIS 6687, at *9-10.

After reviewing the Parties' arguments and the Counties' disclosure of Mr. Harris, the Court agrees with CFL that the Counties' disclosure of Mr. Harris as a non-retained expert witness was

insufficient to comply with what is required by Rule 26(a)(2)(C).  The entirety of the Counties' disclosure of Mr. Harris was as follows:

> The Counties also disclose, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) the following expert witnesses who do not provide a written report: Prime AE, Michael Harris, 1829 E. Spring Street, Suite 201, New Albany, IN 47150.
>
> Mr. Harris is expected to testify as to facts and opinions regarding the gas collection and control system and the Landfill (including CFL's operation and maintenance of same), odor issues at the Landfill, the leachate collection and control system (including CFL's operations and maintenance of same), the relationship between the parties and Hoosier Energy, wetlands (including mitigation), tonnage, Landfill finances as it relates to projects, reporting, and regulatory compliance, and the barrier wall.

[Dkt. 456-1 at 3-4.]

While the Counties' disclosure identified broad subject areas on which Mr. Harris would opine as a non-retained expert, it in no way provided "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. Pro. 26(a)(2)(C)(ii); *see also Salesman*, 2020 U.S. Dist. LEXIS 6687, at *9-10 (holding a disclosure must do more than list areas of testimony; it must "summarize actual opinions").  Thus, the Court agrees with CFL that the Counties' disclosure of Mr. Harris was insufficient to comply with what is required to properly disclose a non-retained expert under Rule 26(a)(2)(C).

The Counties argue that any deficiency in their disclosure should be overlooked because CFL already knows Mr. Harris's opinions based on Mr. Harris's prior involvement and deposition testimony in this case.  [Dkt. 477 at 7.]  Alternatively, the Counties contend that if CFL was confused, it could have deposed Mr. Harris to get more information about his expert opinions.  [*Id.* at 8-11.]  But Rule 26 places the burden on the party disclosing the non-retained expert witness— here, the Counties—to provide the required summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. Pro. 26(a)(2)(C).  The disclosure the Counties provided did not

do that, and nothing suggests that this failure by the disclosing party should be automatically overlooked by speculating that the other party should be able to guess what the non-retained expert's actual opinions would be. Instead, Rule 26(a)(2)(C) puts the burden on the party disclosing a non-retained expert to provide a summary of the facts and opinions to which that witness is expected to testify. The Court finds that the Counties' disclosure did not do that and, thus, was insufficient under Rule 26(a)(2)(C).

Finally, while the Court agrees with the Counties that it would have been preferable for CFL to meet and confer with the Counties regarding this issue before filing its Motion to Exclude, the Court retains discretion to address the merits and impact of the Counties' Rule 26 disclosure deficiency rather than reject CFL's challenge outright on procedural grounds. *See, e.g.*, *Lane v. Walgreen Co.*, 2014 WL 2881543, at *6 (S.D. Ind. June 24, 2014) (noting that there is a "strong presumption in favor of resolving disputes on their merits rather than through strict application of procedural rules"). Thus, to the extent that the Court's prior Order on Discovery Disputes or Local Rule 37-1 required a meet and confer between the Parties and/or a discovery conference with the Court before CFL filed its Motion to Exclude, the Court will not use CFL's failure to do so to save the Counties' deficient disclosure on procedural grounds alone. Having concluded that the Counties' disclosure of Mr. Harris as a non-retained expert was deficient under Rule 26(a)(2)(C), the Court now turns to what, if anything, the Court should do about that failure.

### B. Whether the Counties' deficient disclosure of Mr. Harris as a non-retained expert witness was substantially justified or harmless

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless." CFL asks the Court to bar Mr. Harris from testifying

9

as an expert witness at trial due to the Counties' deficient disclosure of him under Rule 26(a)(2)(C). The Counties, however, contend that any failure was substantially justified or harmless, such that Mr. Harris should still be permitted to testify as an expert at trial. The Court will first set forth the applicable standard and then the Parties' arguments before making its decision.

It is within this Court's discretion to determine the proper sanction for a party's deficient expert witness disclosure. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004). "A court does not abuse its discretion unless . . . (1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." *Id.*

Rule 37(c)(1) "asks whether the sanctioned party had 'substantial justification' for the failure to comply with discovery rules and whether the failure to comply is 'harmless.'" *Id.* "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Id.* at 758. The following factors guide the analysis in evaluating whether the error at issue is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister*, 636 F.3d at 833.

Much of the Counties' response brief focuses on its arguments that Mr. Harris was properly disclosed as a non-retained expert and that the Counties' disclosures were not deficient. [Dkt. 477.] To the extent that the Counties' brief focuses on what the Court should do if it finds that the Counties' disclosure of Mr. Harris was deficient, the Counties' arguments are limited to their contention that any error was harmless to CFL. As previously noted, the Counties believe that Mr.

Harris's expert opinions should come as no surprise to CFL because Mr. Harris has been intimately involved in this case as a fact witness. [Dkt. 477 at 3, 7.] The Counties further contend that if CFL was confused, it could have met and conferred with the Counties or deposed Mr. Harris to get more information about his expert opinions. [*Id.* at 8-11.] Essentially, the Counties blame CFL for not bringing any confusion or deficiency in the Counties' disclosures to the attention of the Counties or the Court sooner.

In reply, CFL emphasizes that Mr. Harris's intimate involvement in this case as a fact witness is even more reason to enforce the non-retained expert disclosure rules. [Dkt. 479 at 2 ("But where a party wants to offer a witness on a vast range of topics over the course of twenty years, specificity is essential so the other side can be prepared to meet the testimony.").] Relying on *Anderson*, CFL contends that general awareness of a witness and prior depositions do not cure deficient disclosures, particularly where the witness's involvement is broad and longstanding. [*Id.* at 5 (citing *Anderson*, 2021 WL 1061197 at *4).] CFL argues that the fact that Mr. Harris has been the Counties' engineer for several years amplifies the inadequacy of the disclosures—that is, Mr. Harris has been involved in all aspects of the Landfill, which leaves CFL guessing as to what exactly he may testify about as an expert. [Dkt. 479 at 6.] Finally, CFL argues that the fact deposition testimony it has taken from Mr. Harris cannot feasibly cover all the topics Mr. Harris may have an expert opinion on in the Counties' vague disclosures. [*Id.*]

The first factor the Court must consider is the prejudice or surprise to CFL if the Court allowed Mr. Harris to testify as an expert witness at trial. After reviewing the Parties' arguments and the applicable caselaw, the Court agrees with CFL that allowing Mr. Harris to testify as an expert witness at trial would substantially prejudice CFL because the Counties' deficient disclosures do not set forth a single opinion of Mr. Harris. Given Mr. Harris's twenty-year

relationship with the Landfill and the numerous parties involved in operating it, CFL should not be required to guess about Mr. Harris's expert opinions in the closing stages of a federal case that was filed in 2018. Rather, the Court agrees with CFL that the Counties' lack of specificity deprived CFL of the meaningful notice of the expert opinions of Mr. Harris that the Counties would like to present at trial.

While the Counties claim that any prejudice to CFL is alleviated by CFL's extensive knowledge of Mr. Harris through its dealings with him and prior depositions of him as a fact witness, as the Seventh Circuit Court of Appeals has stated, "[f]ormal disclosure of experts is not pointless" and "[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Musser*, 356 F.3d at 757-58. Failure to properly disclose an expert can prejudice another party by preventing it from utilizing "countermeasures that could have been taken that are not applicable to fact witnesses . . . ." *Id.* at 757-58. The Court finds that CFL would be prejudiced if the Court were to allow Mr. Harris to testify at trial as an expert witness based on the deficient and vague disclosures provided by the Counties. CFL's familiarity with Mr. Harris as a fact witness in this case does not cure that prejudice. *Id.* (affirming the district court's decision to exclude an expert witness at trial who was previously disclosed as a fact witness but not properly disclosed as an expert witness).

As for the second factor, the opportunity to cure the prejudice, the Court recognizes that if the Court allowed a belated expert deposition of Mr. Harris ahead of September's trial, that could relieve some of the prejudice to CFL. Given the fact that the Counties' expert disclosure of Mr. Harris did not disclose a single opinion of his, however, the Court declines to force the Parties to engage in an eleventh hour expert deposition to salvage the Counties' failure to comply with Rule 26(a)(2)(C). Put another way, as is evident from the docket and the many pending motions in this

12

case, the Parties have already spent significant time and effort to prepare for the ten-day jury trial that is scheduled for September.  The Court finds that reopening expert discovery to force CFL to take Mr. Harris's deposition so that CFL can learn what Mr. Harris's expert opinions are because the Counties failed to properly disclose those opinions is unwarranted.

The third factor—the likelihood of disruption to the trial—also weighs in favor of CFL for the reasons set forth above.  Specifically, because CFL does not know what expert opinions the Counties will solicit from Mr. Harris at trial, requiring the Parties and the Court to address those issues in real time before the jury would create untenable disruption.

The fourth factor—the presence of bad faith or willfulness—weighs in favor of the Counties because there is no indication that their deficient disclosure of Mr. Harris was done in bad faith or was willful.  The absence of bad faith does not render the violation harmless, however, particularly where the deficient expert disclosure would be significantly prejudicial to CFL. *Indiana Ins. Co. v. Carl E. Most & Son, Inc*., 2025 WL 276463 at \*6 (S.D. Ind. Jan. 23, 2025).

Considering these factors together, the Court concludes that the Counties' failure to properly disclose Mr. Harris as a non-retained expert witness was neither substantially justified nor harmless under Rule 37(c)(1).  Thus, Mr. Harris's testimony as an expert witness at trial must be excluded.  Because of this ruling, the Court need not address the Parties' remaining arguments regarding the scope or admissibility of Mr. Harris's proposed expert testimony.

### III.    CONCLUSION

For the reasons stated above, CFL's Motion to Exclude or Limit Testimony of Mr. Harris is **GRANTED**.  [Dkt. 456.]  The Court agrees with CFL that the Counties' expert disclosure of Mr. Harris failed to comply with what is required under Federal Rule of Civil Procedure 26(a)(2)(C), and that failure was not substantially justified or harmless under Rule 37(c)(1).  Thus, Mr. Harris

will not be permitted to testify as an expert witness at trial and may not offer any expert opinions, rebuttal expert opinions, or testimony that depends on specialized knowledge within the meaning of Federal Rule of Evidence 702.  If called, Mr. Harris still may testify as a fact witness at trial about things on which he has personal knowledge.

**SO ORDERED.**

Date: 5/5/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via Court's ECF-System